ORIAN E. WRIGHT & MARY M. WRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 32226-84.
United States Tax Court
T.C. Memo 1988-552; 1988 Tax Ct. Memo LEXIS 581; 56 T.C.M. (CCH) 772; T.C.M. (RIA) 88552; December 5, 1988. Orian E. Wright, pro se. Enrique A. Delapaz, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, in separate statutory notices of deficiency dated June 13, 1984, determined the following deficiencies and additions to petitioners' income taxes for 1981: Income
Additions to Tax
Petitioner
Tax
6653(a) [1]
6651(a)(1)
6654(a)
Orian E. Wright
$ 7,081.00 * $ 354.05
$ 1,770.25
$ 538.15
Mary M. Wright
6,792.00 * 339.60
1,698.00
516.19
*583 Respondent, by motion, also seeks $ 5,000 in damages pursuant to section 6673. The issues for our consideration are: (1) Whether respondent can base his deficiency determination upon petitioners' Forms W-2; (2) whether petitioners are taxable on their wages; (3) whether petitioners are liable for the additions to tax; and (4) whether damages are to be awarded to the United States and against petitioners under section 6673. FINDINGS OF FACT Petitioners resided in Long Beach, California, when they filed their petition in this case. Both petitioners are United States citizens. Petitioner Mary M. Wright received $ 28,357.48 in wages in 1981. Petitioner Orian E. Wright received $ 29,119.00 in wages in 1981. Petitioner did not file any tax return for 1981. Respondent issued statutory notices of deficiency based on Form W-2 information provided to respondent by petitioners' respective employers. In computing the deficiencies, respondent allowed each petitioner his or her personal exemption. OPINION Petitioners have presented the same or similar protestor-type arguments that we have confronted in numerous other cases. Nevertheless, we will deal with their arguments, albeit *584 in summary fashion. Petitioners first argue that the presumption of correctness usually attached to respondent's determination, under Rule 142(a), should be removed because the notice of deficiency was without minimal evidentiary foundation, citing, inter alia, , and . See , affd. . Respondent made his determinations based upon information supplied on Forms W-2 by petitioners' respective employers. Moreover, petitioners stipulated that they received wages in the amounts determined by respondent. Therefore, there is ample foundation for respondent's determination, and petitioners retain the burden of going forward as well as the ultimate burden of persuasion. Rule 142(a); . See . Petitioners next argue that wages earned by American citizens -- as opposed to nonresident aliens -- are not subject to Federal income tax. *585 They asset that there is no statutory provision providing for the imposition and payment of taxes by petitioners on their gross wages. This reading of the Code is attenuated, obscure and frivolous. See . Section 1(d) imposes a tax on the taxable income of every married individual who does not file a joint return. Gross income includes all income from whatever source derived, including compensation for services. Sec. 61(a)(1). Taxable income, the base for imposing the tax in section 1, is gross income less certain specified deductions. Sec. 63. Returns with respect to income taxes are required of every individual having gross income of $ 1,000 or more (with exceptions not applicable here). Sec. 6012(a). This applies to petitioners. When a return of tax is required, the person required to make such return shall, without assessment or notice, pay such tax. Sec. 6151. Moreover, petitioners are primarily liable for the payment of taxes on their incomes, notwithstanding the secondary liability on the part of their employers to withhold such taxes. ; *586 . Petitioners, on brief, also made a number of constitutional arguments, and other arguments that wages are not income, which we have rejected numerous times. ; ; . We waste no further time addressing other tangential points made by petitioners because they are also frivolous and/or meaningless and without merit. Petitioners have not carried their burden of showing that respondent's determinations are in error. ; Rule 142(a). Additionally, petitioners have not carried their burden of showing that they are not, under the circumstances of this case, liable for the additions to tax determined by respondent. See ; ; ; . *587 Respondent also moved for damages pursuant to section 6673. Section 6673 provides for damages up to $ 5,000 when a proceeding is instituted or maintained primarily for delay, or a taxpayer's position is frivolous or groundless. Petitioners have advanced positions that are frivolous and groundless, and that have been rejected numerous times. Moreover, we warned petitioner Orian Wright of this circumstance at trial. Nevertheless, petitioners have continued to pursue these arguments, apparently aided by another individual making protestor-type arguments. See , affd. . Accordingly, we award damages to the United States of $ 5,000. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue. All rule references are to the Tax Court Rules of Practice and Procedure. * Plus 50 percent of the interest due on the underpayments.↩